

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00470-CV

Ex parte **K.R.K.**

From the 85th Judicial District Court, Brazos County, Texas
Trial Court No. 13-000819-CV-85
Honorable Jimmy Don Langley, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  June 25, 2014

AFFIRMED

Appellant K.R.K. appeals the trial court's denial of his petition for expunction of all records and files relating to his arrest for felony possession of a controlled substance, less than one gram. On appeal, K.R.K. argues the trial court erred in interpreting the expunction statute to allow the destruction of records of individual offenses, as opposed to records of the arrest. Because K.R.K. failed to prove the statutory requirements of the Texas Code of Criminal Procedure article 55.01(a), we affirm the trial court's order.

## FACTUAL BACKGROUND

On November 6, 2009, K.R.K. was arrested for felony possession of a controlled substance and misdemeanor possession of marijuana.[1] K.R.K. subsequently entered a plea to the marijuana possession and the trial court ordered deferred adjudication pursuant to a plea agreement with the Brazos County Attorney's Office. According to the parties, the felony possession charge was "refused" by the Brazos County District Attorney's Office, and subsequently dismissed. The statute of limitations for the felony possession expired on November 6, 2012.[2]

On March 28, 2013, K.R.K. filed a petition to expunge the felony possession charge. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2012). The trial court denied the petition on May 7, 2013, and this appeal ensued.

## STANDARD OF REVIEW

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'" *Id.* (first alteration in original) (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Statutory construction is a question of law. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250 (Tex. App.—San Antonio 2011, pet. denied).

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent." *Caruso*, 350 S.W.3d at 250; *accord Hughes*, 246 S.W.3d at 625; *see*

---

[1] We note the clerk's record in this appeal is eighteen pages and contains the Petition for Expunction, Notice of Setting, Order Denying the Petition, and appellate filings.

[2] The parties stipulated to the underlying facts. The appellate record, however, does not contain any evidence to support these facts. *See* TEX. R. APP. P. 34.

*also* TEX. GOV'T CODE ANN. § 312.005 (West 2013). "Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." TEX. GOV'T CODE ANN. § 311.011(b); *see Hughes*, 246 S.W.3d at 625. "Otherwise, we construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." *Hughes*, 246 S.W.3d at 625–26 (citations omitted); *accord Caruso*, 350 S.W.3d at 250. In construing the statutory language, we read the statute as a whole and interpret it so as to give effect to every part, and we presume the legislature intended a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350 S.W.3d at 250. We may also consider legislative history regardless of whether the statute is ambiguous. TEX. GOV'T CODE ANN. § 311.023(3); *Caruso*, 350 S.W.3d at 250.

**EXPUNCTION STATUTE**

**A.     Arguments of the Parties**

*1.     K.R.K. Argument*

K.R.K. argues the current version of article 55.01(a) provides for the divisibility of offenses, within the same arrest event. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a). K.R.K. points this court to the distinctions between the former version of article 55.01, effective prior to September 1, 2011, and the current version.

In the former version of article 55.01(a), section 55.01(a)(2)(B) provided:

> (B)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered community supervision under Article 42.12 **for _any_ offense** other than a Class C misdemeanor[.]

*Id*. (emphasis added) 81st Leg., R.S., ch. 1103, § 17(b), eff. Sept. 1, 2009. The corresponding language in the current version now reads:

(2)     the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 **for _the_ offense**, unless the offense is a Class C misdemeanor, provided that:

        (B)     prosecution of the person **for _the_ offense** for which the person was arrested is no longer possible because the limitations period has expired.

*Id.* (emphasis added), as most recently amended in 2011. *See* Act of May 25, 2011, 82d Leg., R.S., ch. 894, § 1, 2011 Tex. Sess. Law Serv. 2274, 2274–75.

K.R.K. contends the legislature's change of the word "any," in the former version, to "the," in the current version demonstrates an intent to make offenses arising from the same arrest event divisible for purposes of the expunction statute.

### 2. State's Argument

The State contends the legislature intended an "arrest-based" approach, meaning the statute is intended to clear the record of those who are wrongfully arrested. *See Harris Cnty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991); *Harris Cnty. Dist. Attorney's Office v. D.W.B.*, 860 S.W.2d 719, 721 (Tex. App.—Houston [1st Dist.] 1993, no writ.).

## B. Texas Code of Criminal Procedure article 55.01

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature." *Ex parte Green*, 373 S.W.3d at 113 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). Expunction is a statutory privilege, not a constitutional or common-law right; therefore, the petitioner is not entitled to the expunction remedy unless he meets all the requirements set forth in article 55.01. *See Ex parte Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each

and every statutory condition has been met. *J.H.J.*, 274 S.W.3d at 811. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663; *accord J.H.J.*, 274 S.W.3d at 806. Conversely, if the petitioner fully complies with article 55.01(a), the court must grant the expunction petition. *T.C.R.*, 305 S.W.3d at 664.

## C.    Analysis

Here, although not contained in the record, the parties stipulated to many of the underlying facts.

### 1.    Plea on Misdemeanor Case

K.R.K. entered a plea and was placed on deferred adjudication. *See Tex. Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 807 (Tex. App.—Austin 2001, no pet.) ("Misdemeanor deferred-adjudication constitutes 'court ordered community supervision' under article 42.12 for purposes of the expunction statute and renders a defendant ineligible for expunction of arrest records."). However, neither the plea papers nor the judgment are included in the record. Accordingly, the record is silent as to whether the trial court took the felony into consideration on the misdemeanor charge. *Cf. Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.) (felony offense taken into consideration); *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.) (same).

### 2.    K.R.K. Failed to Carry Burden

K.R.K. argues the felony possession charge and the misdemeanor possession are unrelated charges. As this court recently held in *Texas Department of Public Safety v. Dicken*, 415 S.W.3d at 480, "[t]he statute does not address or make allowances for expunction of individual offenses stemming from an arrest." (internal citations omitted). We further held, "the expunction statute was not intended to allow an individual who is arrested, and enters a plea of guilty to an offense

arising from the arrest, to expunge the arrest and all court records concerning the arrest." *Id.* at 481; *see also Tex. Dep't of Pub. Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 WL 1165854, at *6–7 (Tex. App.—Austin 2014, pet. filed) (examining legislature's substitution of "the" for the word "any" and concluding expunction unavailable when final conviction results from multi-charge arrest). Although the prosecutor and defense counsel agreed the charge was rejected due to an unacceptable delay in submitting the tests for analysis, their argument before the court is not evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (holding unsworn attorney statements generally do not constitute evidence); *accord Ardmore, Inc. v. Rex. Grp., Inc.*, 377 S.W.3d 45, 62 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). K.R.K. bore the "burden of proving that all of the statutory requirements were satisfied." *Ex parte Green*, 373 S.W.3d at 113 (citing *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ)); *J.H.J.*, 274 S.W.3d at 811.

The appellate record contains a copy of the petition for expunction and no other pleadings. We remain mindful that allegations in a petition seeking expunction are not evidence. *Ex parte Guajardo*, 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet.). Although there is no general denial filed by the State contained within the record, "the State's appearance at the expunction hearing [amounts to] a general denial of the allegations in the petition." *S.P.S. v. State*, No. 03-09-00151-CV, 2010 WL 668884, at *1 (Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op.) *(citing Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.)). K.R.K. "was required to provide some evidence in addition to his verified pleading in order to carry his burden of proof." *Cf. id.* (holding defendant's testimony was some evidence).

Accordingly, on this record, K.R.K. failed to prove his entitlement to expunction on the felony possession of a controlled substance charge and the trial court did not err in denying K.R.K.'s petition for expunction of the corresponding records and files.

**CONCLUSION**

Because the record does not support K.R.K.'s claim that the trial court erred in denying the petition for expunction, we affirm the trial court's expunction order.

Patricia O. Alvarez, Justice