

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00255-CV

**EX PARTE S.E.W.**

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-14781
Honorable Gloria Saldaña, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Karen Angelini, Justice
                  Irene Rios, Justice

Delivered and Filed:  February 15, 2017

REVERSED AND RENDERED

This a restricted appeal of an order granting a petition for expunction. In its brief, the Texas Department of Public Safety raises several issues challenging the trial court's order. Based on this court's existing precedent holding the expunction statute is arrest-based and not offense-based, we sustain the Department's first issue and need not address the remaining issues. *See* TEX. R. APP. P. 47.1 (noting opinions need address only issues necessary to final disposition of appeal). We reverse the trial court's order and render judgment denying S.E.W.'s petition for expunction.

### BACKGROUND

On September 28, 2006, S.E.W. was arrested for theft and securing execution of a document by deception. S.E.W. subsequently pled guilty to the offense of securing execution of

a document by deception and, on January 23, 2008, was placed on six months deferred adjudication community supervision.

On March 17, 2008, the State filed a motion to dismiss the theft charge. In the section of the motion stating the reason for requesting the dismissal, the following appears, "P.I.F." The trial court signed an order dismissing the theft charge the same day.

On September 2, 2015, S.E.W. filed a petition to expunge the theft charge. The Department filed an answer but did not appear at the hearing. On October 22, 2015, the trial court signed an order granting S.E.W.'s petition, finding she was "entitled to expunction as provided by Article 55.01(a)(2)(A)-(B)." The trial court found various agencies, entities and persons "may have records or files pertaining to [S.E.W.] in connection with the arrest and/or alleged offense described in" the order and ordered those agencies and persons to request the return of any information sent to a central federal depository "regarding the arrest and/or alleged offense described herein." Finally, the order required the Department to request records subject to the order to be destroyed. The Department appeals.

## STANDARD OF REVIEW

To prevail on a restricted appeal, the appellant must prove: (1) the notice of the restricted appeal was filed within six months after the judgment was signed; (2) the appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). The record clearly establishes the first three elements; therefore, we only need to determine if the Department has shown error apparent on the face of the record. For purposes of a restricted appeal, the face of the record includes all papers

on file in the appeal. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997); *In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied).

Generally, an appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte K.R.K.*, 446 S.W.3d 540, 541 (Tex. App.—San Antonio 2014, no pet.). If a ruling on an expunction turns on a question of law, however, we review the ruling de novo because the trial court has no discretion to determine what the law is or to apply the law to the facts. *Id*. Statutory construction is a question of law reviewed de novo. *Id*.

## ANALYSIS

The relevant portion of the expunction statute set forth in article 55.01(a)(2) of the Texas Code of Criminal Procedure provides:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
> ...
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor....

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2016).

In its first issue, the Department contends the trial court erred in granting S.E.W.'s petition because she did not meet the statutory requirements to have "all records and files relating to [her] arrest expunged." The Department argues the statute is arrest-based and does not allow records of each individual offense for which a defendant is arrested to be expunged. Because S.E.W. was placed on court-ordered community supervision for one of the offenses for which she was arrested, the Department contends S.E.W. is not entitled to have all records and files relating to the arrest expunged. S.E.W. acknowledges Texas appellate courts, including this court, have held the statute is arrest-based; however, S.E.W. attempts to distinguish those cases.

This court recently reiterated its holding that the expunction statute is arrest-based. *Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *2-3 (Tex. App.—San Antonio Dec. 28, 2016, no pet. h.) (mem. op.). In *Ryerson*, this court rejected the same or similar arguments raised by S.E.W. in her brief. *See id*. Although S.E.W. attempts to distinguish the prior opinions holding the statute is arrest-based, we held in *Ryerson* that the facts of the cases "have no effect on the application of the expunction statute. It is a bright line rule." *Id*. at *3. Because S.E.W. was placed on court-ordered community supervision for one of the offenses for which she was arrested, she is not entitled to have "all records and files relating to the arrest expunged." *See id*. at *2-3.

Although we understand the logic behind S.E.W.'s arguments given that her arrest was for two unrelated offenses and was based on two separate arrest warrants which were simply executed on the same day at the same time, those arguments need to be presented to the Texas Legislature in seeking an amendment to the expunction statute, not to this court. As we noted in *Ryerson*, if the Texas Legislature intended the expunction statute to be offense-based instead of arrest-based, it could have amended the expunction statute in response to the numerous court decisions holding the current statute is arrest-based.[1] *See id*. at *3 (citing *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 653 (Tex. 2006) (noting statutory amendments by Legislature were in response to court decisions); *Tex. Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 188-89 (Tex. 2004) (noting Legislature amended statute in response to intermediate appellate court decision)). The Department's first issue is sustained.

---

[1] We note the Texas Legislature attempted to amend the expunction statute in 2015; however, the legislation was vetoed by the governor. *See T.H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869, at *4 n.2 (Tex. App.—Austin Oct. 6, 2016, no pet.) (mem. op.).

## CONCLUSION

The trial court's order is reversed, and judgment is rendered denying S.E.W.'s petition for expunction.

Sandee Bryan Marion, Chief Justice