

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00172-CV

**EX PARTE** Forestt R. **CAIN**

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CI04083
Honorable Peter A. Sakai, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  January 10, 2018

REVERSED AND RENDERED

This is an appeal from a trial court's order granting an expunction of appellee Forestt R. Cain's arrest records relating to the offense of misapplication of fiduciary property. On appeal, appellants the City of Windcrest and the Windcrest Police Department (collectively "Windcrest") contend the trial court erred in granting the expunction because Cain failed to meet all of the required statutory elements for an expunction of arrest records. We reverse the trial court's order of expunction and render judgment denying the expunction.

### BACKGROUND

In 2010, Cain was arrested for offenses relating to his actions as a city manager for the City of Windcrest. In November 2010 and February 2013, Cain was indicted for, among other offenses,

felony theft by a public servant and felony misapplication of property by a fiduciary.[1]  However, on October 1, 2015, the Bexar County District Attorney filed a motion to dismiss the criminal charges against Cain.  The trial court granted the motion the same day it was filed.

Thereafter, on March 8, 2016, Cain filed a petition for expunction.  In his petition, he sought an order expunging "all records and files relating to his arrest" for the offenses of misapplication of property by a fiduciary.  After a hearing, the trial court granted Cain's petition and rendered an order of expunction.  Windcrest timely perfected this appeal.

### ANALYSIS

On appeal, Windcrest contends the trial court erred in granting the expunction because Cain failed to comply with all the necessary statutory requirements for an expunction.  Specifically, Windcrest contends Cain failed to establish the statute of limitations had expired on the theft by a public servant offense, which was required because it stemmed from the same arrest.  We agree.

### *Standard of Review*

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard.  *Henry v. State*, 513 S.W.3d 750, 752 (Tex. App.—San Antonio 2017, no pet.); *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 478 (Tex. App.—San Antonio 2013, no pet.).  A trial court abuses its discretion if it acts without reference to any guiding rules or

---

[1] The indictments alleged Cain unlawfully appropriated property valued at more than $150,000.00, but less than $300,000.00, with the intent to deprive the City of Windcrest of the property and at the time of the unlawful appropriation, Cain was a public servant and the property at issue came into his custody, possession, or control by virtue of his status as a public servant.  *See* TEX. PENAL CODE ANN. § 31.03(a), (f)(1) (West Supp. 2017).  As alleged, the offense is a first-degree felony.  *Id.* § 31.03(e)(6)(A).  The indictments further alleged Cain intentionally, knowingly, or recklessly misapplied property, valued at more than $150,000.00, but less than $300,000.00, that he held as a fiduciary in a manner that involved substantial risk of loss to the property owner.  *Id.* § 32.45(b).  As alleged, this is a second-degree felony.  *Id.* § 32.45(c)(6).  Although we have cited to the most current versions of the statutes under which Cain was indicted, they are, for the purpose of our analysis, identical to the versions in effect at the time Cain was indicted.

principles. *Bennett v. Grant*, 525 S.W.3d 642, 653 (Tex. 2017). However, to the extent an expunction ruling turns on a question of law, an appellate court reviews the ruling using a de novo standard because a trial court has no discretion in determining what the law is or applying the law to the facts. *Perry Homes v. Cull*, 258 S.W.3d 580, 606 (Tex. 2008); *Henry*, 513 S.W.3d at 752; *Dicken*, 415 S.W.3d at 478; *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

### *Applicable Law*

Although the provisions governing expunctions are set out in article 55.01 of the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *Ex parte K.R.K.*, 446 S.W.3d 540, 543 (Tex. App.—San Antonio 2014, no pet.); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2017). Moreover, expunction is a statutory privilege, not a constitutional or common-law right. *K.R.K.*, 446 S.W.3d at 543; *Green*, 373 S.W.3d at 113. Accordingly, a person seeking expunction is not entitled to relief unless he meets each requirement set out in article 55.01. *K.R.K.*, 446 S.W.3d at 543; *Green*, 373 S.W.3d at 113. "Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each and every statutory condition has been met." *K.R.K.*, 446 S.W.3d at 543. A trial court has no equitable power to expand the availability of expunction beyond the limits of the statute; rather, it must strictly comply with the statutory requirements. *Id.* (citing *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.)). Only if the person seeking expunction fully complies with the statutory requirements is the trial court required to grant relief. *Id.*

As is pertinent to this appeal, article 55.01(a)(2)(B) of the Texas Code of Criminal Procedure provides that a person is entitled to expunction of an arrest record if he "has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was not court-ordered community supervision . . . provided that . . . prosecution of the person

for the offense for which the person was arrested is no longer possible because the limitations period has expired." TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B). Thus, under the statute, a person seeking expunction must prove limitations has expired. *See id.*

### *Application*

Here, Windcrest contends the trial court erred in granting the petition for expunction because Cain failed to establish limitations had expired for all of the offenses for which he was arrested in November 2010 — specifically, the offense of theft by a public servant. Windcrest contends that because expunctions are "arrest-based" and not "offense-based," Cain had to prove limitations had expired as to *all* of the offenses for which he was arrested in November 2010. And although the limitations period has expired for the offenses of misapplication of property by a fiduciary, the same is not true for the offense of theft by a public servant. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(3)(A) (stating limitations period for misapplication of property by fiduciary is seven years from date of commission of offense); *id.* art. 12.01(2)(B) (stating limitations period for theft by public servant is ten years from date of commission of offense). Cain counters, agreeing that expunctions are "arrest-based," but arguing that because they are arrest-based, the trial court correctly determined he is entitled to an expunction of his arrest records relating to the offenses of misapplication of property by a fiduciary in both the 2010 and 2013 indictments.

This court has held that article 55.01 — the expunction statute — neither addresses nor makes allowances for expunction of individual offenses stemming from an arrest. *Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *2 (Tex. App.—San Antonio Dec. 28, 2016, pet. filed); *K.R.K.*, 446 S.W.3d at 543–44; *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.). In other words, a party seeking expunction is not entitled to have the records relating to his arrest expunged under article 55.01 unless all of the charges (offenses) that arose from the arrest are shown to satisfy all of article

55.01's statutory requirements, including expiration of limitations. *Ryerson*, 2016 WL 7445063, at *2; *K.R.K.*, 446 S.W.3d at 543–44; *Dicken*, 415 S.W.3d at 480. Our holdings are in accord with those of our sister courts. *See, e.g., Ex Parte Vega*, 510 S.W.3d 544, 550 (Tex. App.—Corpus Christi 2016, no pet.) (holding that "[v]iewed as a whole, we conclude that article 55.01(a) contemplates expunging only the records and files relating to an arrest rather than an individual charge that resulted from an arrest."); *Tex. Dep't of Pub. Safety v. M.R.S.*, 468 S.W.3d 553, 556 (Tex. App.—Beaumont 2015, no pet.) (holding that "expunction statute is arrest-based" and "a petitioner is not entitled to have the records related to his arrest expunged under article 55.01 unless all of the charges that arose from the arrest are shown to satisfy article 55's requirements"); *In re Expunction*, 465 S.W.3d 283, 290 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (concluding that "legislature intended to make expunction applicable to entire arrests, not individual charges"); *S.J. v. State*, 438 S.W.3d 838, 843 (Tex. App.—Fort Worth 2014, no pet.) (noting that "first phrase in chapter 55" referring to expunction of "all records and files relating to the arrest" is clearest expression of legislature's intent and "does not purport to allow for less than all records relating to a single arrest to be expunged, nor does it condone expunction of records by dissecting related offenses"); *Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 924 (Tex. App.—Austin 2011, no pet.) (holding that "statute only speaks to expunging the records relating to an arrest, not individual records relating to a charge arising from an arrest"). As stated by the Fort Worth Court of Appeals, "chapter 55 from top to bottom, appears to maintain an arrest as the unit of expunction and provides relief relating to arrests rather than charges." *S.J.*, 438 S.W.3d at 843.

Based on the foregoing authorities, we hold it was incumbent upon Cain to prove that every offense for which he was arrested in November 2010 — as they related to Windcrest — met all of the statutory requirements set forth in article 55.01, including that limitations had expired for each offense. Neither party disputes in this appeal that limitations has expired for the offenses of

misapplication of property by a fiduciary. And, in fact, neither party disputes that limitations has not expired for the offense of theft by a public servant. Rather, the only dispute is whether Cain had to prove limitations had expired for that offense to be entitled to an expunction of his arrest records. As noted above, the case law holds that because the expunction statute is "arrest-based," a petitioner seeking an expunction must prove each offense for which he was arrested meets the requirements of article 55.01, including expiration of limitations. Because it is undisputed that limitations has not expired for the theft by a public servant offense, the trial court erred in granting Cain's petition for expunction.[2] Accordingly, we sustain Windcrest's complaint that the trial court erred in granting Cain's petition for expunction because he failed to prove limitations had expired for each offense arising from the 2010 arrest.[3]

### CONCLUSION

Based on the foregoing, we reverse the trial court's judgment and render judgment denying Cain's petition for expunction.

Marialyn Barnard, Justice

---

[2] Even if Cain disputed whether limitations had expired with regard to the theft by a public servant offense, the record shows both indictments charged him with committing that offense as late as December 2009. Because the limitations period for theft by a public servant is ten years, limitations had not expired at the time the petition was filed and heard. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(2)(B). For purposes of this appeal, we need not address Windcrest's tolling argument as it would only extend the limitations period if valid.

[3] Given our disposition, we need not address Windcrest's alternate argument that the petition should have been denied because the indictments were dismissed due to insufficient evidence, which it contends is not a basis upon which an expunction can be granted pursuant to article 55.01.