

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00713-CV

**EX PARTE D.LW.**

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-08970
Honorable Stephani A. Walsh, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Luz Elena D. Chapa, Justice
Beth Watkins, Justice

Delivered and Filed: August 14, 2019

REVERSED & RENDERED

In this restricted appeal, the Department of Public Safety (DPS) challenges an order granting D.L.W.'s petition for expunction. DPS argues the order is not supported by sufficient evidence. We reverse and render an order denying appellant's petition for expunction.

## BACKGROUND

D.L.W. filed a petition for expunction, alleging the charges for which he was arrested— robbery and criminal mischief—were dismissed. At a March 15, 2018 hearing, D.L.W. testified briefly, explaining he had difficulty obtaining employment because of his arrest records. The trial court admitted an exhibit titled "Judgment, Admonishments." The trial court granted the expunction on April 26, 2018, finding D.L.W. was entitled to an expunction under article

55.01(a)(1)(A) of the Texas Code of Criminal Procedure, which applies when a criminal case is tried and the defendant is acquitted. DPS filed a notice of restricted appeal on October 2, 2018.

DPS filed its brief on appeal and argued, in addition to its legal sufficiency and other issues, it was entitled to a reversal because there is no reporter's record. However, a reporter's record was thereafter filed in this case. The record shows DPS filed its notice of restricted appeal within six months after the expunction order was signed; DPS was a party to the underlying lawsuit; and DPS did not participate in the hearing resulting in the expunction order. Because this is a restricted appeal, our sole remaining inquiry is whether "error is apparent on the face of the record." *See Wray v. Papp*, 434 S.W.3d 297, 299 (Tex. App.—San Antonio 2014, no pet.). D.L.W. did not file a brief in this appeal.

## DISCUSSION

DPS argues error is apparent on the face of the record because the expunction order is not supported by sufficient evidence. *See In re E.M.V.*, 312 S.W.3d 288, 291 (Tex. App.—Dallas 2010, no pet.) (holding error is apparent on the face of the record if record shows trial court had insufficient evidence to support its order). "A trial court's ruling on a petition for expunction is reviewed for abuse of discretion." *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). A trial court abuses its discretion in granting an expunction without sufficient evidence. *Ex Parte Green*, 373 S.W.3d 111, 113–15 (Tex. App.—San Antonio 2012, no pet.).

The sole basis for the expunction order is "that [D.L.W.] is entitled to expunction as provided by Article 55.01(a)(1)(A), Texas Code of Criminal Procedure." Subject to some exceptions not applicable in this case, article 55.01(a)(1)(A) provides, "A person who has been placed under . . . arrest . . . is entitled to have all records and files relating to the arrest expunged if . . . the person is tried for the offense for which the person was arrested and is . . . acquitted by the trial court."

TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A). D.L.W. had the burden to prove these requirements. *See Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.).

D.L.W. testified, "I got arrested," and described his difficulty obtaining employment and his lack of criminal activity since his arrest. The "Judgment, Admonishments" exhibit contains the following, all of which relate to D.L.W.'s charge for robbery:

- a February 7, 2006 indictment;

- an October 9, 2006 filing that contains the court's admonishments and defendant's waivers and affidavit of admonitions regarding a plea bargain;

- a November 17, 2006 order placing D.L.W. on community supervision; and

- a November 16, 2010 order extending D.L.W.'s community supervision for one year.

No other filings or documents were admitted.

To obtain an expunction for his arrest under article 55.01(a)(1)(A), D.L.W. had the burden to prove he was tried for the robbery and criminal mischief charges and ultimately acquitted. *See* TEX. CODE CRIM. PROC. art. 55.01(a)(1)(A); *K.R.K.*, 446 S.W.3d at 544. D.L.W. failed to prove he was tried for and acquitted of either charge. Because sufficient evidence does not support the trial court's order granting D.L.W. an expunction for his robbery and criminal mischief arrest under article 55.01(a)(1)(A),[1] we hold the trial court abused its discretion in granting the petition for expunction. *See T.S.N.*, 547 S.W.3d at 620; *Green*, 373 S.W.3d at 113–15.

## CONCLUSION

We reverse the expunction order and render judgment denying D.L.W.'s petition for expunction. *See Green*, 373 S.W.3d at 115.

Luz Elena D. Chapa, Justice

---

[1] Also, there is no evidence showing the charges were dismissed, as D.L.W. alleged. *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2) (providing for an expunction when a charge "has not resulted in a final conviction and is no longer pending").