

# NUMBER 13-20-00176-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## EX PARTE A.G.

---

**On appeal from the 107th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Silva
Memorandum Opinion by Justice Hinojosa**

By two issues, pro se appellant A.G. contends: (1) the trial court abused its discretion when it denied his petition for expunction of records, and (2) his due process right to participate at the expunction hearing was violated. We reverse and remand.

### I.    BACKGROUND

On December 10, 2019, A.G. filed a petition to expunge a 1988 arrest from his record. The record shows that on May 22, 1988, A.G. was arrested for possession of marijuana, less than two ounces, a Class B misdemeanor. *See* TEX. HEALTH & SAFETY

CODE ANN. § 481.121(b). The Cameron County District Attorney's Office charged A.G. for this offense by information in Cause Number 88-CCR-0003536-B on June 24, 1988. According to the docket sheet, the trial court eventually dismissed this misdemeanor charge on September 22, 1989, with the following handwritten annotation: "Dismissed by State's motion pursuant to plea on assault 88-CCR-1143-A." While A.G. included copies of the possession of marijuana complaint and dismissal to his petition, he did not file any copies of the charging instrument, pleadings, or judgment of trial court Cause Number 88-CCR-1143-A, the assault charge to which he pleaded guilty. A.G.'s pleadings, however, assert that the assault offense arose from a separate December 30, 1987, arrest by the San Benito Police Department.

In his petition for expunction, A.G. argues that the possession of marijuana arrest should be expunged because it was "dismissed by the State on it's [sic] own motion, pursuant to a plea involving a seperate [sic] misdemeanor charge, based on[] a different arrest date and a different city, in Cameron County, Texas." The record demonstrates that A.G. also filed the following: (1) a proposed order granting the expunction; (2) a motion for bench warrant or in the alternative, motion for hearing by conference call,[1] along with a proposed order; and (3) a motion for leave of court to proceed in forma pauperis, with declaration of inability to pay costs.

The trial court set the petition for a hearing on March 12, 2020. The trial court did not rule on A.G.'s request for a bench warrant or to appear by telephone, and the clerk's

---

[1] A.G. filed his pleadings while incarcerated at the Texas Department of Criminal Justice—Hughes Unit in Gatesville, Texas. Based on the record before us, we do not know the circumstances of his incarceration, including the crime for which he is being punished or the length of his sentence.

record shows that A.G. did not appear at the hearing in person, by phone, or through attorney representation.[2] After the hearing, the trial court denied the petition for expunction.

On March 16, 2020, A.G. filed a Motion for Findings of Fact and Conclusions of Law. In response, the trial court issued the following on May 6, 2020:

FINDINGS OF FACT

1. [A.G.] filed a petition for Expunction of Criminal Arrest Records on December 10, 2019.

2. The Cameron County District Attorney's Office did not file a responsive pleading but appeared at the hearing and entered a general denial.[3]

3. The Petitioner failed to appear either in person or through an attorney.

4. No competent evidence was presented or admitted in support of Petitioner's qualification to have the prayed for records expunged.

CONCLUSIONS OF LAW

1. The right to expunction is available only when all the statutory conditions have been met, and the Court has no equitable power to extend the clear meaning of the statute. *Herron v. State*, 821 S.W.2d 329, 330 (Tex. App.—Dallas 1991, no pet.).

2. Allegations in a petition seeking expunction are not evidence. *Ex parte Guajardo*, 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet.).

3. [A.G.] was required to provide some evidence in addition to his verified pleading in order to carry his burden of proof. *Ex parte K.R.K.,* 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.).

---

[2] We do not have a reporter's record from this hearing.

[3] The Texas Department of Public Safety would have been the appropriate party to file a response.

4.    [A.G.] failed to prove his entitlement to expunction of the prayed for arrest records.

A.G. appeals.[4]

## II.    EXPUNCTIONS

By his first issue, A.G. contends the trial court abused its discretion when it failed to grant his petition to expunge the May 22, 1988 arrest for possession of marijuana from his record.

## A.    Standard of Review & Applicable Law

Texas Code of Criminal Procedure article 55.01 contains the requirements for expunction of criminal records. TEX. CODE CRIM. PROC. ANN. art. 55.01. As relevant here, the statute provides that:

(a)    A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if . . .

(2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense . . . , provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i)    has not been presented against the person at any time following the arrest, and . . . .

---

[4] The State did not file a brief to assist us in the resolution of this matter.

4

(b) at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested . . . .

*Id.*

Expunction is a statutory privilege and not a constitutional or common law right. *Ex parte E.H.*, 602 S.W.3d 486, 489 (Tex. 2020). The remedy of expunction permits a person who has been arrested for the commission of a criminal offense and who meets certain other conditions to have all records and files related to that arrest removed from the government's records. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01–.02.

Although the statute is codified in the Texas Code of Criminal Procedure, an expunction proceeding is civil in nature. *Ex parte E.H.*, 602 S.W.3d at 489 (citing *State v. T.S.N.*, 547 S.W.3d 617, 619 (Tex. 2018)). Thus, it is the petitioner's burden to show that all the statutory conditions—each mandatory and exclusive—have been met. *Id.* "[C]ourts must enforce the statutory requirements and 'cannot add equitable or practical exceptions . . . that the legislature did not see fit to enact.'" *Id.* (quoting *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019)). We review the ruling on a petition for expunction under an abuse of discretion standard. *Ex parte E.H.*, 602 S.W.3d at 489.

The supreme court recently held in *Ex parte R.P.G.P.* that "subarticles (a)(2) and (a)(2)(A) of Article 55.01 of the Texas Code of Criminal Procedure are offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies."[5] No.

---

[5] As the Texas Supreme Court observes in its opinion, under the prior prevailing view, many

5

19-1051, ___ S.W.3d ___, ___, 2021 WL 1933952, *9 (Tex. May 14, 2021); *see also Ex parte L.M.L.*, No. 13-20-00242-CV, 2021 WL 2371757 (Tex. App.—Corpus Christi–Edinburg June 10, 2021, no pet. h.). The Court clarified that the "Legislature reserved the broad 'arising out of' transactional-relatedness standard" language found in subarticle (a)(2)(A) for felonies alone. *Ex parte R.P.G.P.*, 2021 WL 1933952, at *9. In other words, where a petitioner has been arrested for multiple misdemeanor offenses, provided that the misdemeanor offense that the petitioner seeks to be expunged meets the statutory requirements, it does not matter whether all other offenses stemming from the same arrest are also eligible for expunction under any Article 55.01 provision. *See id.*

**B.    Analysis**

Here, A.G. contends that his May 22, 1988 arrest charge should have been expunged because it was dismissed by the trial court on the State's own motion and did not result in a final conviction. Further, he claims that the assault charge to which he did plead guilty, cause number 88-CCR-1143-A, arose from "a separate [sic] and distinct charge where [A.G.] was arrested on December 30, 1987[,] by the San Benito Police Department." He argues that the trial court abused its discretion when it denied his petition for expunction because he pleaded guilty to a charge that did not arise out of the same arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(i)(b).

In light of the Texas Supreme Court's recent case *Ex parte R.P.G.P.*, which holds that "misdemeanor offenses are eligible for expunction on an individual basis" provided

---

appellate courts, including this Court, had "den[ied] expunction unless the petitioner establishes that multiple offenses comprising an arrest are eligible for expunction." *Ex parte R.P.G.P.*, No. 19-1051, ___ S.W.3d ___, ___, 2021 WL 1933952, *4, n.27 (Tex. May 14, 2021).

they meet the statutory requirements of article 55.01, we reverse and remand this case for a new hearing in the interest of justice. We have remanded cases in the interest of justice before when "one or more parties 'proceeded under the wrong legal theory,'" *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 521 (Tex. 2018) (quoting *Boyles v. Kerr*, 855 S.W.2d 593, 603 (Tex. 1993)), when "the applicable law has . . . evolved between the time of trial and the disposition of the appeal," *id.* (quoting *Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 162 (Tex. 2012)), when we have clarified the law, *see id.* (citing *Hamrick v. Ward*, 446 S.W.3d 377, 385 (Tex. 2014)), and when we have overruled our own precedent, *see Westgate, Ltd. v. State*, 843 S.W.2d 448, 455 (Tex. 1992) ("The most compelling case for [a remand in the interest of justice] is where we overrule existing precedents on which the losing party relied at trial."). *See Los Compadres Pescadores, L.L.C. v. Valdez*, No. 19-0643, __ S.W.3d __, __, 2021 WL 1148228, at *10 (Tex. Mar. 26, 2021). We make the same decision here.

### III.    CONCLUSION[6]

We reverse and remand in the interest of justice.

LETICIA HINOJOSA
Justice

Concurring Memorandum Opinion
by Justice Benavides.

Delivered and filed on the
24th day of June, 2021.

---

[6] Because this issue is dispositive, we will not address A.G.'s second issue regarding his due process concerns. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").