

# NUMBER 13-19-00516-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE M.A.S.

### On appeal from the 428th District Court
### of Hays County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Justice Benavides

Appellant the Texas Department of Public Safety (the Department) files this restricted appeal challenging the trial court's expunction order regarding the arrest of appellee M.A.S. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01–.06. By two issues, the Department contends that (1) the trial court misinterpreted the expunction statute and (2) the evidence was insufficient to support the expunction. We reverse and render.

# I. BACKGROUND[1]

On April 17, 2014, M.A.S. was arrested and later charged with (1) possession of controlled substance, penalty group 1, a state jail felony; (2) possession of a controlled substance, penalty group 2, a state jail felony; and (3) possession of marijuana between two and four grams, a class A misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.115, 481.116, 481.121. On September 3, 2015, pursuant to a plea agreement with the State, M.A.S. pleaded guilty and was placed on deferred adjudication community supervision for the possession of marijuana charge. In exchange for the plea of guilty, the State dismissed the two felony possession charges on the same date.[2] M.A.S. was successfully discharged from his deferred adjudication community supervision on December 2, 2016.

On July 12, 2019, M.A.S. filed a petition for nondisclosure, which was later granted, relating to his possession of marijuana charge. *See* TEX. GOV'T CODE ANN. § 411.0745.

On July 8, 2019, M.A.S. filed a petition to expunge all the records relating to the felony possession of controlled substance charges stemming from his 2014 arrest under article 55.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). On July 31, 2019, the Department filed an answer stating that M.A.S. was not entitled to an expunction of the 2014 arrest records due to the term of community supervision he served for the possession of marijuana charge. The State also filed an

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] On the State's motion to dismiss on the felony possession of a controlled substance charges, the document states that "[M.A.S.] was convicted in another case; 14-1887-CR" and requested dismissal.

answer objecting to M.A.S.'s expunction petition for the same reasons.

On August 29, 2019, the trial court held an expunction hearing; however, the Department did not participate. Based on the record, there was no testimony or evidence admitted at the hearing. On September 6, 2019, the trial court granted M.A.S.'s petition and ordered the expunction of records concerning M.A.S.'s 2014 arrest for the felony drug charges. The Department filed this restricted appeal arguing that the trial court improperly granted the expunction.

## II. RESTRICTED APPEAL

A restricted appeal may be filed if the party: (1) filed its notice of appeal within six months after the judgment was signed; (2) did not participate in the hearing that resulted in the complained-of judgment; (3) did not timely file a post-judgment motion or request findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ex parte E.H.*, 602 S.W.3d 486, 496–97 (Tex. 2020); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.); *Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 278 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.). The face of the record, for purposes of a restricted appeal, consists of all the papers that were before the trial court when it rendered its judgment. *Cox*, 298 S.W.3d at 730.

Here, the record shows that the Department filed its notice of restricted appeal within six months of the expunction order, did not appear at the expunction hearing, and did not file any post-judgment motions or request for findings of fact and conclusions of law. *See Alexander*, 134 S.W.3d at 848. Thus, we must determine if error is apparent

3

from the face of the record. *See Ex parte E.H.*, 602 S.W.3d at 497.

### III.     EXPUNCTION

The Department argues that M.A.S. is not entitled to an expunction because he served a term of community supervision stemming from his arrest. M.A.S. argues he is entitled to an expunction because the possession of marijuana records are subject to a nondisclosure order and cannot be considered by the trial court.

**A.     Standard of Review**

A trial court's expunction order is reviewed for abuse of discretion, but the meaning of a statute is a question of law reviewed de novo. *Ex parte R.P.G.P.*, No. 19-1051, __ S.W.3d __, __, 2021 WL 1933952, at *3 (Tex. May 14, 2021); *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Although provided for in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *Ex parte E.H.*, 602 S.W.3d at 489; *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). "Because the remedy is a privilege defined by the Legislature, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Ex parte R.P.G.P.*, 2021 WL 1933952, at *2.

**B.     Texas Code of Criminal Procedure Article 55.01**

An article 55.01 expunction allows an individual, previously arrested for the commission of an offense, to have records and files relating to the arrest expunged if all statutory requirements are met. TEX. CODE CRIM. PROC. ANN. art. 55.01; *see Ex parte R.P.G.P.*, 2021 WL 1933952, at *2; *Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.); *T.C.R. v. Bell Cnty. Dist. Atty's Office*, 305 S.W.3d

4

661, 663 (Tex. App.—Austin 2009, no pet). To carry their burden, the petitioner must provide more than mere allegations in a verified pleading. *Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.); *see also Tex. Dep't of Pub. Safety v. T.R.W.*, No. 14-17-00572-CV, 2019 WL 3724707, at *4 (Tex. App.—Houston [14th Dist.], no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. J.W.M.*, No. 03-17-00792-CV, 2018 WL 6519696, at *3 (Tex. App.—Austin Dec. 12, 2018, no pet.) (mem. op.).

Article 55.01(a)(2) states, in relevant part:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

. . . .

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:

(a) the person completed a veterans treatment court program . . . .

(b) the person completed a mental health court

5

program . . . .

> (c) the person completed a pretrial intervention program . . . .
>
> (d) the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; or
>
> (e) the indictment or information was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

## C.    Nondisclosure

A nondisclosure order prohibits a court from disclosing "to the public any information contained in the court records that is the subject of an order of nondisclosure of criminal history record information." TEX. GOV'T CODE ANN. § 411.076(a). The statute also states that the court:

> may disclose information contained in the court records that is the subject of an order of nondisclosure of criminal history record information to:
>
> (1)    criminal justice agencies for criminal justice or regulatory licensing purposes;
>
> (2)    an agency or entity listed in Section 411.0765; or
>
> (3)    the person who is the subject of the order.

*Id.* A person seeking an order of nondisclosure of a criminal history record must file a petition in accordance with § 411.0745 of the Texas Government Code. *See id.* § 411.0745(a). The trial court shall determine if (1) the individual is entitled to file the

6

petition and (2) the order is in the best interest of justice. *Id.* § 411.0745(e)(2). If the State fails to timely request a hearing after notice from the trial court, a hearing is not required. *See id.* § 411.0745(e)(1).

**D.     Discussion**

The Supreme Court of Texas recently discussed differences in the language contained in article 55.01(a)(2) to explain how lower courts should interpret the expunction statute. *See Ex parte R.P.G.P.*, 2021 WL 1933952, at *7. In its opinion, the supreme court stated that "most appellate courts have favored an 'arrest-based' construction of the statute that treats the offenses collectively over an 'offense-based' approach that considers the offenses individually for expunction purposes." *Id.* at *1. "Under the arrest-based approach . . . expunction is available only if all the offenses comprising an arrest are eligible for expunction." *Id.*

The supreme court went on to state that "under Article 55.01(a)(2)(A), misdemeanor offenses are eligible for expunction on an individual basis," while felony offenses are not. *Id.* The "singular language used for misdemeanors and the plural language used for felonies demonstrates that an offense-based interpretation applies to misdemeanors while an arrest-based interpretation applies when much more serious crimes—felonies are involved." *Id.* Specifically, subarticles (a)(2) and (a)(2)(A) of article 55.01 are offense-based provisions with regards to misdemeanors but arrest-based with respect to felonies. *Id.* at *9; *see* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A) (contrasting an indictment "charging the person with the commission of a *misdemeanor offense* based on the person's arrest" with an indictment "charging the person with the

commission of *any felony offense* arising out of the same transaction for which the person was arrested" (emphasis added)). "The statute expressly provides that misdemeanors and felonies are to be treated differently and uses materially different language depending on the severity of the offense." *Ex parte R.P.G.P.*, 2021 WL 1933952, at *7.

Here, M.A.S. was requesting expunction of his two felony charges. Because we are evaluating felonies, we must adopt an "arrest-based" approach. *See id.* M.A.S.'s case is unique because it also involves a misdemeanor charge that was previously the subject of a nondisclosure order.

Although the supreme court's recent decision declined to address the issue in *Ex parte R.P.G.P.*, our sister court in Houston addressed a nondisclosure order and how it affects expunctions. *See Tex. Dep't of Pub. Safety v. T.R.W.*, No. 14-17-00572-CV, 2019 WL 3724707, at *4 (Tex. App.—Houston [14th Dist.] Aug. 8, 2019, no pet.).[3] In *T.R.W.*, the Houston court, deciding a transfer case out of the Austin court, as we do here, reviewed the law surrounding article 55.01 following the Texas Supreme Court's decision in *T.S.N. See T.R.W.*, 2019 WL 3724707, at *4 (discussing *T.S.N.*, 547 S.W.3d at 623).

*T.R.W.* addressed almost the same argument M.A.S. makes in this case. The appellant in *T.R.W.* stated that, because of a nondisclosure order concerning a charge arising out of the same arrest as the charge she sought to be expunged, the Department could not use the fact that she received community supervision to keep her from obtaining an expunction. *Id.* at *7. M.A.S also argues that because the records relating to the

---

[3] While unpublished or memorandum opinions are not binding precedent, such opinions may be considered as persuasive authority. *See* TEX. R. APP. P. 47.7; *Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320, 339 n.9 (Tex. App.—Austin 2017, no pet.).

possession of marijuana charge were subject to a nondisclosure order, the trial court could not rely on those documents in determining the expunction of the felony possession charges, even though he served a term of community supervision as well. That argument ignores the fact that it is M.A.S.'s burden to affirmatively prove that he met all of the statutory requirements for expunction. *See id.*

The Houston court found that the "legislature drew a line at not permitting expunction if a person received community supervision." *Id.* "Nothing in the nondisclosure rules suggests an intention to amend the line drawn within the expunction statute." *Id.* (citing TEX. GOV'T CODE ANN. §§ 411.071–.0775). Additionally, there is an important difference between nondisclosure orders and expunction orders. "While nondisclosure orders allow information regarding the offenses to be disclosed to various agencies and entities, expunction orders prohibit any use of the expunged records." *See also Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, *3 (Tex. App.—San Antonio Dec. 28, 2016, no pet.) (mem. op.) (*abrogated on other grounds by Ex parte R.P.G.P.*, 2021 WL 1933952); *compare* TEX. GOV'T CODE ANN. §§ 411.076, 411.0765 (providing for disclosure of records subject to order of nondisclosure to various agencies and entities) *with* TEX. CODE CRIM. PROC. ANN. art. 55.03(a) (prohibiting release, maintenance, dissemination, or use of expunged records and files for any purpose). Consequently, we agree with the Houston court and reject M.A.S.'s argument that because he received a nondisclosure order pertaining to his possession of marijuana charge, the trial court could not consider that charge when determining whether to expunge records pertaining to his felony drug possession charges.

The record reflects that M.A.S. pleaded guilty to the offense of possession of marijuana pursuant to a plea agreement with the State, and in exchange, the State dismissed the two felony drug charges. Because *Ex parte R.P.G.P.* requires us to consider felonies as arrest-based, we must look at all the charges M.A.S. was arrested for at that time. His felonies charges were not dismissed according to any of the specifically enumerated reasons found within article 55.01(a)(2)(A)(ii), but pursuant to a plea agreement. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii). Since M.A.S. failed to show that the felony charges were dismissed due to a specifically enumerated reason found within article 55.01, we conclude that M.A.S. failed to meet the requirements for expunction of the felony offenses. *See id.* art. 55.01(a)(2). The record shows that, although the felony drug charges were dismissed, it was due to his plea agreement with the State and M.A.S. was ordered by the trial court to serve a term of community supervision for possession of marijuana, an offense which arose out of the same arrest as his felony possession charges.

Even though his possession of marijuana charge was later subject to a nondisclosure order, the wording in article 55.01 and the holding in *Ex parte R.P.G.P.* state that a felony expunction is to be considered arrest-based. *See id.* § 55.01; *Ex parte R.P.G.P.*, 2021 WL 1933952, at *7. Additionally, because a nondisclosure order does not prohibit the release of records and files, the trial court could consider the possession of marijuana offense in connection with M.A.S.'s request for an expunction. *See Ryerson*, 2016 WL 7445063, at *3. Because M.A.S. served a term of community supervision based on his misdemeanor possession charge, he would be ineligible for an expunction on his

10

felony charges. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01; *Ex parte R.P.G.P.*, 2021 WL 1933952, at *7. The 2014 arrest records are ineligible for expunction. *See Ex parte R.P.G.P.*, 2021 WL 1933952, at *1 ("Under the arrest-based approach, . . . expunction is available only if all the offense comprising an arrest are eligible for expunction."); *Ex parte Vega*, 510 S.W.3d 544, 547 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.); *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.–Fort Worth 2014, no pet.).

We conclude that the trial court abused its discretion by expunging M.A.S.'s 2014 arrest records, *see Vega*, 510 S.W.3d at 547, and error is apparent on the face of the record. *Alexander*, 134 S.W.3d at 848. We sustain the Department's first and second issues.

## IV.   CONCLUSION

We reverse the trial court's expunction order and render judgment denying M.A.S.'s petition for expunction. Pursuant to the Department's prayer for relief, we order any documents relating to the 2014 arrest which were surrendered to the trial court or M.A.S. returned to the submitting agencies. *See Ex parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (per curiam).

GINA M. BENAVIDES
Justice

Delivered and filed on the
1st day of July, 2021.

11