Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




## OPINION

No. 04-11-00303-CV

**EX PARTE** Matthew E. **GREEN**

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-17600
The Honorable Renee F. McElhaney, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:      Catherine Stone, Chief Justice
         Sandee Bryan Marion, Justice
         Steven C. Hilbig, Justice

Delivered and Filed: February 1, 2012

REVERSED AND RENDERED

Appellant, the Department of Public Safety (DPS), appeals the trial court's order expunging the records of appellee, Matthew Green, for his arrest for unlawful carrying of a weapon. We reverse the decision of the trial court and render judgment denying Green's petition for expunction of his records.

## BACKGROUND

Green was arrested on September 5, 2006, for unlawfully carrying a weapon. He entered a plea of nolo contendere to a misdemeanor charge and was placed on six-months deferred adjudication. On October 10, 2010, Green filed a petition to expunge his criminal records related to his arrest for this charge. In its answer, DPS filed a general denial and an affirmative defense

asserting that Green was not entitled to expunction because he received deferred adjudication for that offense.  On March 24, 2011, the trial court ordered an expunction.

## DISCUSSION

On appeal, DPS contends Green was not entitled to expunction under article 55.01 of the Texas Code of Criminal Procedure because he received deferred adjudication probation for that offense.  Further, DPS contends Green failed to establish by legally sufficient evidence that he had not received court-ordered community supervision, thereby failing to comply with the statutory requirements for expunction under the Texas Code of Criminal Procedure.  TEX. CODE CRIM. PROC. ANN. art. 42.12 (West 2006) ("Community supervision"); *id.* art. 55.01(a)(2) ("Right to Expunction").

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co., Inc. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995).  To the extent a ruling on expunction turns on a question of law, we review the ruling de novo because "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts."  *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).  Thus, a trial court abuses its discretion if it misapplies or misinterprets the law.  *Id.*  We review the sufficiency of the evidence under the well-established standards of review.  *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

An expunction proceeding is civil rather than criminal in nature, although the expunction statute is located in the Texas Code of Criminal Procedure.  *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  The right to expunction

is a statutory privilege. *Id.*; *Tex. Dep't of Pub. Safety v. Wallace*, 63 S.W.3d 805, 806 (Tex. App.—Austin 2001, no pet.). In order to be entitled to an expunction, Green had the burden of proving that all of the statutory requirements were satisfied. *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ). In relevant part, article 55.01 of the Texas Code of Criminal Procedure provides that a person is entitled to expunction of an arrest record if "the person is tried for the offense for which the person was arrested and is . . . acquitted by the trial court . . . or convicted and subsequently pardoned; or . . . the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was *no court-ordered community supervision* under Article 42.12 for the offense . . . ." TEX. CODE CRIM. PROC. art. 55.01 (emphasis added).

On January 31, 2007, a hearing was held on Green's plea agreement to the charge of unlawful carrying of a weapon. The record indicates that Green entered a plea of "no contest" to which the trial court assessed a $2,000 fine, granted "six months deferred adjudication, unsupervised," and assessed eighty hours of community service. The trial court, however, indicated it would waive the community service requirement if Green paid $500 to a non-profit organization. Additionally, the record indicates Green requested the deferred adjudication be unsupervised "so that he might have [his arrest record] potentially expunged in the future." The trial court granted this request by specifically noting that his deferred adjudication was "unsupervised under 42.12 of the Code of Criminal Procedure." Subsequently, Green paid the fine and other required fees and his deferred adjudication was terminated on February 9, 2007, as indicated in the criminal docket sheet from the trial court.

Because Green was neither acquitted by the trial court nor convicted and subsequently pardoned, he was required to show there was no court-ordered community supervision following

his arrest. *See id.* art. 55.01(2)(B). Green argues there was no court-ordered community supervision because he was not placed "under a continuum of programs and sanctions." *Id.* art. 42.12, § 2(2) (defining "Community supervision"). We disagree. The record shows a $2000 fine was imposed and we conclude this fine constitutes a sanction. Also, the record clearly indicates Green received deferred adjudication. "Misdemeanor deferred-adjudication constitutes 'court ordered community supervision' under article 42.12 for purposes of the expunction statute and renders a defendant ineligible for expunction of arrest records." *Wallace*, 63 S.W.3d at 807. As a result, we agree with DPS that Green was placed on court-ordered community supervision because "[d]eferred adjudication is a form of community supervision." *Tex. Dep't of Pub. Safety v. Dahlquist*, No. 01-08-00559-CV, 2010 WL 375930, at *2 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (citing TEX. CODE CRIM. PROC. art. 42.12, § 5).

Also, Green argues the obligations to pay the fine and the donation to the non-profit were independent of the deferred adjudication. Again, we disagree. A review of the record indicates the fines and court costs were assessed contemporaneously and together with the deferred adjudication sentence. *See Tex. Dept of Pub. Safety v. Nail*, 305 S.W.3d 673, 683 (Tex. App.—Austin 2010, no pet.) (concluding community supervision includes a sentence whereby defendant must pay a fine as a condition of his deferred adjudication).

Green also argues he did not receive court-ordered community supervision because the trial court granted his request that his deferred adjudication be "unsupervised" so that he could later try to expunge the records. As a result, Green contends he did not have to "report" to a probation officer and was, therefore, not technically supervised by the court. However, "'court ordered community supervision under Article 42.12' is not limited to and does not require such conditions." *Id.* The conditions imposed on Green—that he pay a fine and court costs—suffice

to establish that he was under community supervision as stated in article 42.12 of the Code of Criminal Procedure. *Id.* at 683–84. If Green had not paid these amounts, we do not find support in the record that the court would have dismissed the charge.

Finally, the fact that the trial court notated the deferred adjudication was unsupervised and "the fact that [Green] may have intended or 'hoped' that the 'deferred judgment' would avoid the prohibition against expunction where 'community supervision' has been imposed" does not control. *Id.* at 684. The Legislature has not provided such an exception and any attempt by the court to circumvent this requirement was in error. *Id.* at 684–85. The purpose of the expunction statute is meant to allow those persons who are wrongfully arrested to expunge their arrest records and not to allow a person who is arrested and pleads guilty or nolo contendere and receives probation to expunge his records for that offense. *See Knight*, 813 S.W.2d at 212.

Consequently, we conclude there is legally insufficient evidence to support the trial court's finding that court-ordered community supervision was not imposed on Green. As a result, Green was not entitled to expunction under article 55.01 of the Texas Code of Criminal Procedure. Accordingly, the trial court erred in granting Green's petition for expunction.

## CONCLUSION

We reverse the trial court's judgment and render judgment denying expunction. Additionally, pursuant to DPS's prayer for relief, we order all documents that were turned over to the trial court, or to Green or his counsel, be returned to the submitting agencies. *See Ex Parte Elliot*, 815 S.W.2d 251, 252 (Tex. 1991) (holding that reversal of an order of expunction applies to all respondents in the trial court, even if they did not participate in the appeal).

Sandee Bryan Marion, Justice