

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00701-CV

**EX PARTE** Erin **JUI**

From the 438th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-08797
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Jason Pulliam, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Jason Pulliam, Justice

Delivered and Filed: March 4, 2015

AFFIRMED

The Bexar County Sheriff's Office (the "Sheriff's Office") appeals the trial court's order expunging all records concerning Erin Jui's arrest for theft. In a single issue, the Sheriff's Office contends the trial court's expunction order is not supported by legally sufficient evidence. We affirm the trial court's order.

The Sheriff's Office contends Jui was not entitled to expunction under Article 55.01 of the Texas Code of Criminal Procedure because Jui received deferred adjudication probation for the offense. The Sheriff's Office also asserts Jui failed to establish by legally sufficient evidence that Jui had not received court-ordered community supervision, thereby failing to comply with the statutory requirements for expunction. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West 2014).

We agree with the Sheriff's Office that, pursuant to Article 55.01(a)(2), Jui would not be entitled to an expunction of her arrest records if she received court-ordered community supervision. *See Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.) (holding that to be entitled to expunction, the petitioner must meet all statutory requirements under Article 55.01). Attachments to the answer filed by the Texas Department of Public Safety indicate that Jui received deferred adjudication and would, therefore, not be entitled to an expunction. However, attachments to pleadings are not evidence unless they are offered and admitted as evidence by the trial court. *Texas Dep't of Pub. Safety v. Sowell*, No. 11-10-00018-CV, 2011 WL 3359716, at *1 (Tex. App.—Eastland Aug. 4, 2011, no pet.) (mem. op.).

Here, no reporter's record was made of the expunction hearing. The trial court's order states that "[a]fter presentation of evidence, it is the decision of the [trial] [c]ourt that Petitioner is entitled to have [her] records expunged." Because there is no reporter's record, we are unable to determine what evidence the trial court considered in granting the expunction. The Sheriff's Office's attempt at filling the void by referring to DPS's answer and its attachments is ineffective to show that the evidence was insufficient to establish Jui's entitlement to an expunction. *Ex parte Cheeks*, No. 07-11-0430-CV, 2012 WL 952112, at *1 n.1 (Tex. App.—Amarillo Mar. 21, 2012, no pet.) (mem. op.). Without a record of the evidence presented at the hearing, we cannot hold that the evidence is legally insufficient to support the expunction; therefore, the trial court's order is affirmed.

Jason Pulliam, Justice