

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-18-00539-CV

**EX PARTE** Roberto Pasquale-Gualtier **PETITTO**

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 17655A
Honorable N. Keith Williams, Judge Presiding

**OPINION ON MOTION FOR REHEARING**

Opinion by:     Patricia O. Alvarez, Justice
Dissenting Opinion by: Liza A. Rodriguez, Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered: July 31, 2019

AFFIRMED

On June 5, 2019, this court issued an opinion, a dissent, and a judgment in this appeal.

Appellant Roberto Pasquale-Gaultier Petitto timely filed a motion for rehearing and a motion for

en banc reconsideration. The Texas Department of Public Safety filed a response to both motions.

We deny Appellant's motion for rehearing, but acting sua sponte to clarify the applicable analysis,

we withdraw our June 5, 2019 opinion and judgment and substitute this opinion and judgment in

their stead. The motion for en banc reconsideration is moot.

Petitto appeals the trial court's order denying his petition for expunction, filed on

August 21, 2017, in Kerr County cause number 17655A. The petition requested the expunction

of all records related to charges associated with Petitto's arrest for driving while intoxicated on

March 11, 2015. Because Petitto failed to prove the driving while intoxicated arrest was not arising out of the same criminal transaction for which he was arrested, Petitto was not entitled to the requested expunction. *See* TEX. CODE CRIM. PROC. ANN. § 55.01(a)(2)(A). We, therefore, affirm the trial court's denial of Petitto's petition for expunction.

### FACTUAL AND PROCEDURAL BACKGROUND

Petitto was arrested on March 11, 2015, for driving while intoxicated and possession of marijuana. On May 31, 2016, Petitto entered a plea of nolo contendere to the possession of marijuana offense. The trial court deferred a finding of guilt and placed Petitto on deferred adjudication probation for a period of nine months. On March 9, 2017, having successfully completed his deferred adjudication probation, the State dismissed the possession of marijuana charge. On March 31, 2017, the State also dismissed the driving while intoxicated charge based on Petitto having successfully completed a pretrial intervention program.

On August 21, 2017, Petitto filed a petition for expunction seeking to expunge the driving while intoxicated arrest, and the Texas Department of Public Safety filed a general denial. On February 21, 2018, the trial court entered an order of nondisclosure pertaining to all records of Petitto's arrest for possession of marijuana. On May 11, 2018, Petitto filed an amended petition for expunction.

At the hearing on Petitto's amended petition for expunction, Petitto objected to being questioned regarding the marijuana possession offense based on the nondisclosure order; the trial court overruled his objection. At the conclusion of the hearing, the State argued Petitto did not meet the statutory requirements for an expunction because Petitto served court-ordered community supervision for one of the charges stemming from the arrest of March 11, 2015. The trial court denied the petition, and this appeal ensued.

**PETITION FOR EXPUNCTION**

Petitto's first issue hinges on whether the trial court erred, at the expunction hearing, in allowing the State to ask questions regarding the possession of marijuana offense given the February 21, 2018 nondisclosure order.

## A.        Standard of Review

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard.  *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio, no pet.).  However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo.  *T.S.N.*, 547 S.W.3d at 620; *Green*, 373 S.W.3d at 113.

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature."  *Green*, 373 S.W.3d at 113 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).  "The petitioner therefore carries the burden of proving that all statutory requirements have been satisfied."  *J.H.J.*, 274 S.W.3d at 806.

## B.        Texas Code of Criminal Procedure Article 55.01

An article 55.01 expunction allows an individual, previously arrested for the commission of an offense, to have records and files relating to the arrest expunged if all statutory requirements are met.  *See* TEX. GOV'T CODE ANN. art. 55.01; *Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.).  The statute "protect[s] wrongfully–accused people by eradicating their arrest records." *In re State Bar of Tex.*, 440 S.W.3d 621, 622 (Tex. 2014).  More specifically, the expunction order prohibits "the release, maintenance, dissemination, or use of the expunged records and files for any purpose."  TEX. GOV'T CODE ANN. art. 55.03(1).

Expunction is a statutory privilege, not a constitutional or common-law right; therefore, the petitioner is not entitled to the expunction remedy unless he meets all the requirements set forth in article 55.01. *See Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory, and a petitioner is entitled to expunction only upon a showing that every statutory condition is met. *J.H.J.*, 274 S.W.3d at 806. Satisfactory compliance with *all* requirements set forth in article 55.01 is mandatory for entitlement to the expunction. *See id.* (citing TEX. CODE CRIM. PROC. ANN. art. 55.01); *T.C.R.*, 305 S.W.3d at 663; *J.H.J.*, 274 S.W.3d at 806. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663; *accord J.H.J.*, 274 S.W.3d at 806.

## C. Nondisclosure Order

A nondisclosure order prohibits a court from disclosing "to the public any information contained in the court records that is the subject of an order of nondisclosure of criminal history record information." TEX. GOV'T CODE ANN. § 411.076(a). The statute limits the disclosure of the information to:

(1) criminal justice agencies for criminal justice or regulatory licensing purposes;
(2) an agency or entity listed in Section 411.0765; or
(3) the person who is the subject of the order.

*Id*.

A person seeking an order of nondisclosure of a criminal history record files a petition in accordance with section 411.0745 of the Texas Government Code. *See id*. § 411.0745(a). The trial court shall determine if (1) the individual is entitled to file the petition and (2) the order is in

the best interest of justice. *Id.* § 411.0745(e)(2). If the State fails to timely request a hearing after notice from the trial court, a hearing is not required. *See id* § 411.0745(e)(1).

**C.      Arguments of the Parties**

Petitto contends that because an order of nondisclosure on the marijuana possession was entered, prior to the hearing on the petition for expunction of the driving while intoxicated, the trial court erred in allowing the State to question Petitto regarding the marijuana possession offense. *See id.* § 411.0765(b)(7) (providing criminal justice agencies may only disclose to specific noncriminal justice agencies including "a district court regarding a petition for name change under Subchapter B, Chapter 45, Family Code"). He argues the trial court's nondisclosure order requires the information relating to the marijuana possession offense to be withheld from the trial court or any other agencies not specifically delineated within section 411.0765(b). *See id.* To hold differently would deprive him of the benefit of his plea bargain agreement and circumvent the purpose for the pretrial diversion.

The State counters the statute governing nondisclosure orders specifically provides disclosure for the dissemination of information between criminal justice agencies. *See id.* § 411.0765(a)(2) (providing a criminal agency may disclose the same information "for criminal justice . . . purposes"); § 411.082 (defining "criminal justice purpose" as "an activity that is included in the administration of criminal justice").

Although we decline to adopt the State's argument, we nonetheless affirm the trial court's denial of Petitto's petition for expunction.

**D.      Review of Non-Disclosure and Expunction Statutes**

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent." *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250 (Tex. App.—San Antonio 2011, pet. denied); *accord City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex.

2008). "We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010). "Determining legislative intent requires that we consider the statute as a whole, reading all its language in context, and not reading individual provisions in isolation." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015); *see also T.S.N.*, 547 S.W.3d at 620 ("Statutes are to be analyzed 'as a cohesive, contextual whole' with the goal of effectuating the Legislature's intent and employing the presumption that the Legislature intended a just and reasonable result.") (quoting *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017)). We further presume that the Legislature intended a just and reasonable result. TEX. GOV'T CODE ANN. § 311.021(3).

We remain cognizant that an expunction is a statutory privilege, and not a right. *See Green*, 373 S.W.3d at 113. And a nondisclosure requires the trial court to find the requirements are met *and* the nondisclosure is *in the interests of justice*. *See* TEX. GOV'T CODE ANN. § 411.0745(e)(2) (emphasis added). Even further, we must presume the Legislature intended the statutes to be read together and analyze both statutes to reach "a just and reasonable result." *See Sandcastle Homes*, 521 S.W.3d at 754.

### E.     Same Criminal Transaction

This court has long held the expunction statute "was not intended to allow an individual who is arrested and enters a plea of guilty to an offense arising from the arrest, to expunge the arrest and all court records concerning the arrest." *Ex parte K.R.K.*, 446 S.W.3d 540, 544 (Tex. App.—San Antonio 2014, no pet.); *see also Tex. Dep't of Pub. Safety v. Ryerson*, No. 04-16-00276-CV, 2016 WL 7445063, at *3 (Tex. App.—San Antonio, Dec. 28, 2016) (mem. op.). In both *K.R.K.* and *Ryerson*, this court reviewed 55.01(a)(2) under an "arrest-based" analysis. *See*

*K.R.K.*, 446 S.W.3d at 544; *Ryerson*, 2016 WL 7445063, at *3. Importantly, however, both cases involved offenses arising out of the same criminal transaction—each appellant was arrested and charged on the same day for multiple offenses. *See K.R.K.*, 446 S.W.3d at 541 (felony possession of controlled substance and possession of marijuana on November 6, 2009); *Ryerson*, 2016 WL 7445063, at *1 (5 burglary of a vehicle charges on September 7, 2003). Petitto contends *T.S.N.* overruled any opinion holding article 55.01(a) is an arrest-based statute. We disagree.

The *T.S.N.* court limited its holding to expunctions filed under article 55.01(a)(1), but clearly explained "[a]rticle 55.01 is neither arrest-based nor offense-based." 547 S.W.3d at 623. The Supreme Court's analysis in *State v. T.S.N.* is instructive in our analysis. *Id.* In *T.S.N.*, the court addressed whether "article 55.01's plain language makes expunction an all-or-nothing proposition relating to the arrest and all matters involved in it." *Id.* at 619 (setting forth the court's analysis was limited to article 55.01(a)(1)). T.S.N. was arrested in 2013 for felony aggravated assault; during the arrest process, the officers located and executed an outstanding arrest warrant for a misdemeanor theft by check pending from 2010. *Compare id.* at 618, 621 ("Here, a single arrest occurred for multiple unrelated offenses.") *with Ryerson*, 2016 WL 7445063, at *1 (arrested on five charges of burglary of a vehicle; placed on deferred adjudication for three charges and two charges dismissed); *K.R.K.*, 446 S.W.3d at 541 (arrested on felony possession of controlled substance and misdemeanor possession of marijuana; placed on deferred adjudication for misdemeanor possession and felony dismissed). T.S.N. subsequently plead guilty to the 2010 theft charge and was acquitted by a jury on the 2013 felony assault. The State objected to her petition to expunge the 2013 felony assault arrest and charges.

The *T.S.N.* Court concluded "records and files relating to '*the* offense' encompass the whole of the records and files relating to '*the* arrest.'" *See T.S.N.*, 547 S.W.3d at 621 (citing TEX.

CODE CRIM. PROC. ANN. art. 55.01(a)(1)) (emphasis original). However, when multiple charges stem from the same arrest, or:

> an arrest is made pursuant to a charge or charges for multiple related offenses as part of a criminal episode, the statute just as clearly does *not* entitle the person to expunction of any files and records relating to the episode if the person either is convicted of one of the offenses or charges for one of the offenses remain pending.

*See id*. (citing TEX. CODE CRIM. PROC. art. 55.01; TEX. PENAL CODE ANN. § 3.01 (emphasis original)).

Because T.S.N.'s 2013 assault charge was clearly unrelated to her 2010 theft charge, the court concluded an all-or-nothing view was inappropriate and T.S.N. was entitled to an expunction on the assault charge for which she was acquitted. Petitto, on the other hand, was arrested on March 11, 2015, for both driving while intoxicated and possession of marijuana. Both charges are related offenses and arose out of the same transaction for which he was arrested. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A); *see K.R.K.*, 446 S.W.3d at 544; *Ryerson*, 2016 WL 7445063, at *3; *see also T.S.N.*, 547 S.W.3d at 621 (applying art. 55.01(a)(1)).

**F.    Conclusion**

Because the statutory scheme of an expunction requires the trial court to review the entire criminal transaction surrounding the arrest, we conclude the expunction statute necessarily requires an inquiry into any and all offenses or charges stemming from the same transaction from which an individual seeks an expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A); *see K.R.K.*, 446 S.W.3d at 544; *Ryerson*, 2016 WL 7445063, at *3; *see also T.S.N.*, 547 S.W.3d at 621. We remain cognizant that Petitto obtained the nondisclosure order for an offense that arose out of the same transaction for which Petitto was arrested and served deferred adjudication probation. To allow Petitto to circumvent the criminal transaction prohibition under the expunction statute, by obtaining an order of disclosure, would lead to "an improper manner of

interpreting statutory language." *See T.S.N.*, 547 S.W.3d at 622 (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000) (stating that an entire statute is presumed to be effective and no words should be read as useless or a nullity)).

Accordingly, because Petitto filed the petition for expunction, the State could properly ask questions pertaining to all related offenses that arose from the same transaction for which the individual was arrested. We overrule Petitto's first issue on appeal.

Having determined the evidence contained in the order of nondisclosure was properly before the trial court, we turn to whether Petitto was entitled to an expunction of the driving while intoxicated charge.

### DISMISSAL FOLLOWING PRETRIAL INTERVENTION

Petitto argues he did not serve community supervision for *the pretrial diversion case*—the driving while intoxicated—and is therefore entitled to an expunction on the driving while intoxicated charge. "Pretrial intervention/pretrial diversion is a practice that allows a defendant an opportunity to delay a finding of guilt so that he may complete a program and have his charges dismissed." *Lee v. State*, 560 S.W.3d 768, 770 (Tex. App.—Eastland 2018, pet. ref'd) (citing *Fisher v. State*, 832 S.W.2d 641, 643–44 (Tex. App.—Corpus Christi 1992, no pet.)); *see also* TEX. CRIM. PROC. CODE ANN. art. 55.01(a)(2)(A)(ii)(b) (authorizing expunction of an arrest upon successful completion of pretrial intervention).

Here, Petitto was arrested for driving while intoxicated and possession of marijuana, on the same day, stemming from the same course of events. The charges are related offenses. *See T.S.N.*, 547 S.W.3d at 621. Petitto does not contest he was placed on deferred adjudication probation for the possession of marijuana. As we previously held, the expunction statute does not allow for the expunction of Petitto's driving while intoxicated offense, an arrest which arose out of the same transaction for which another offense, possession of marijuana for which Petitto was

placed on deferred adjudication probation. *See T.S.N.*, 547 S.W.3d at 621–22; *K.R.K.*, 446 S.W.3d at 543–44 (quoting *Tex. Dep't of Pub. Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.) ("[T]he expunction statute was not intended to allow an individual who is arrested and enters a plea of guilty to an offense arising from the arrest, to expunge the arrest and all court records concerning the arrest."). Here, the possession of marijuana and driving while intoxicated were related offenses arising out of the same transaction. Accordingly, we overrule Petitto's appellate issue regarding his pretrial diversion.

## PUBLIC POLICY

In his last issue on appeal, Petitto contends for this court to deny his petition for expunction on the driving while intoxicated would amount to absurd results and afford "deferred adjudication probation a far greater and more lasting impact than pretrial intervention."

The Texas Code of Criminal Procedure specifically excludes driving while intoxicated from the charges eligible for deferred adjudication. *See* TEX. CRIM. PROC. ANN. art. 42A.102(b)(1)(A); TEX. PENAL CODE ANN. § 49.04; *see also In re Watkins*, 315 S.W.3d 907, 908 (Tex. App.—Dallas 2010, orig. proceeding). Therefore, the pretrial diversion was the only manner in which Petitto could obtain a dismissal. Thus, the benefit Petitto received, the dismissal of the driving while intoxicated charge upon his successful completion of the pretrial intervention, was the benefit of the bargain. By excluding driving while intoxicated from the deferred adjudication statute, but allowing a dismissal under the pretrial intervention program, "we presume the legislature intended a just and reasonable result." *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350 S.W.3d at 250.

## CONCLUSION

Because the record does not support Petitto's assertion that he was entitled to an expunction on the driving while intoxicated charge, we affirm the trial court's judgment.

Patricia O. Alvarez, Justice