

# NUMBER 13-21-00050-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE A.M.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Appellant, the Texas Department of Public Safety (DPS), appeals the trial court's order granting appellee A.M.'s petition to expunge criminal records.[1] In two issues, DPS argues that the trial court erred in granting A.M.'s petition because: (1) it did so without notice or a hearing; and (2) A.M. did not meet his burden of proof to establish his entitlement to relief. We reverse and remand.

---

[1] A.M. has not filed an appellee's brief to assist in our resolution of this appeal.

## I.     Background

On September 17, 2020, A.M. filed a petition to expunge records of his arrest for driving while intoxicated, which he contended were eligible for expunction under article 55.01(a)(2) of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). The trial court set a hearing on A.M.'s petition for January 14, 2021. DPS filed its answer to the petition on January 11, generally denying A.M.'s allegations. However, unbeknownst to DPS, the trial court signed an order granting expunction on January 6, without notice or a hearing.[2] DPS now appeals.

## II.     Notice

### A.     Standard of Review & Applicable Law

"Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021). "Because the remedy is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Id.*; *see Ex parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). Generally, we review a trial court's expunction ruling for an abuse of discretion. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.). However, to the extent an expunction ruling turns on a question of law, we review the ruling de novo because a trial court has no discretion in determining what the law is or in applying the law to the facts. *Id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

---

[2] The court reporter has filed a letter informing the Court that no hearing was held in this cause.

The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error when it fails to do so. *See Tex. Dep't of Pub. Safety v. Fredricks*, 235 S.W.3d 275, 281 (Tex. App.—Corpus Christi–Edinburg 2007, no pet.) (citing *Ex parte Stiles*, 958 S.W.2d 414, 418 (Tex. App.—Waco 1997, pet. denied)). The expunction statute explicitly requires the trial court to set a hearing and to give reasonable notice to each official, agency, or government entity which was named in the petition seeking an expunction of criminal records:

> The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing by: (1) certified mail, return receipt requested; or (2) secure electronic mail, electronic transmission, or facsimile transmission.

*See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c). "If the record does not indicate that the agency was notified in accordance with the statute, then the record reflects a proceeding in violation of the statute and the expunction order must be set aside." *Tex. Dep't of Pub. Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no pet.).

## B.    Analysis

The trial court was required to provide notice to DPS of the hearing in this matter because DPS is a named agency in A.M.'s petition.[3] The trial court provided notice to DPS of a January 14 hearing, but it inexplicably granted A.M.'s petition on January 6, without holding a hearing. We conclude that the trial court erred in granting A.M. relief without affording DPS proper notice or an opportunity to be heard as required by the

---

[3] The hearing need not be evidentiary in all instances, but proper notice must be provided to the parties. *See In re J.J.R.*, 599 S.W.3d 605, 614 (Tex. App.—El Paso 2020, no pet.).

statutory scheme. *See In re J.J.R.*, 599 S.W.3d 605, 614 (Tex. App.—El Paso 2020, no pet.) (reversing the trial court's expunction order where DPS did not receive notice of the petition for expunction); *Tex. Dep't of Pub. Safety v. Soto*, 285 S.W.3d 542, 544 (Tex. App.—Corpus Christi–Edinburg 2009, no pet.) (reversing the trial court's order granting expunction where DPS did not receive notice of the hearing date); *Deck*, 954 S.W.2d at 112 (same). Because of our resolution of this issue, we do not reach DPS's second issue, which complains that A.M. did not carry his burden of proof. A.M., like DPS, should be afforded an opportunity to present evidence regarding this matter. *See In re J.J.R.*, 599 S.W.3d at 614 ("We therefore remand this case to the trial court to afford all parties herein with an opportunity to set a hearing form which a record may be developed therefrom.").

## III.    CONCLUSION

We reverse the trial court's order of expunction and remand the case for further proceedings consistent with this memorandum opinion.

LETICIA HINOJOSA
Justice

Delivered and filed on the
31st day of August, 2021.

4