# NO. 12-20-00169-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | *APPEAL FROM THE 145TH* |
| *EX PARTE:* | § | *JUDICIAL DISTRICT COURT* |
| *C.G.B.* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

The Texas Department of Public Safety (DPS) appeals the trial court's grant of C.G.B.'s petition for expunction. In two issues, DPS argues that it was not notified of the expunction hearing as required by statute and C.G.B. failed to present legally sufficient evidence that he was entitled to an expunction. We reverse the trial court's judgment, set aside the expunction order, and remand for further proceedings.

## BACKGROUND

On April 24, 2020, C.G.B. filed a petition to expunge all criminal records arising from his arrest for making alcohol available to a minor. A hearing was set for June 25. DPS received notice of the hearing on May 11. On June 4, the trial court signed an "Agreed Order of Expunction."

On June 9, DPS filed a motion for new trial, arguing that the expunction order must be set aside because (1) DPS was not notified of the June 4 hearing and (2) C.G.B. was not entitled to an expunction because he was convicted of an offense related to making alcohol available to a minor—namely, disorderly conduct—based on the arrest. A hearing on the motion was held on August 5. At the hearing, C.G.B. argued that the trial court was within its discretion to sign the expunction order on June 4 without notifying DPS because DPS failed to file an answer in the time required by Texas Rule of Civil Procedure 99. The trial court denied the motion for new

trial, finding that "DPS was wholly in default for failing to timely file an answer." This appeal followed.

## HEARING NOTICE REQUIREMENT

In DPS's first issue, it argues that the trial court erred by granting C.G.B.'s expunction petition because it was not notified of the June 4 hearing. We agree.

Although an expunction proceeding is civil in nature, the code of criminal procedure sets forth the procedures to be followed in an expunction proceeding. TEX. CODE CRIM. PROC. ANN. art. 55.02 (West Supp. 2020); *State v. T.S.N.*, 547 S.W. 3d 617, 619 (Tex. 2018). Under Article 55.02(c),

> (c) [t]he court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing by:
>
> (1) certified mail, return receipt requested; or
>
> (2) secure electronic mail, electronic transmission, or facsimile transmission.

TEX. CODE CRIM. PROC. ANN. art. 55.02(c). The procedures provided for in Article 55.02 are mandatory. *Texas Dep't of Public Safety v. Deck*, 954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ). If the record does not indicate an agency named in the petition was given reasonable notice of the hearing, the proceeding was held in violation of Article 55.02 and the expunction order must be set aside. *Id.*

The record here indicates that DPS was not notified of the June 4 hearing. Therefore, the proceeding was held in violation of Article 55.02 and the expunction order must be set aside. *See id.*

C.G.B. makes the same Rule 99 argument on appeal that he made in the trial court, but that argument does not avail him here. Rule 99 provides, in pertinent part, as follows:

> a. Issuance. Upon the filing of the petition, the clerk, when requested, shall forthwith issue a citation and deliver the citation as directed by the requesting party. The party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition. Upon request, separate or additional citations shall be issued by the clerk. The clerk must retain a copy of the citation in the court's file.

b. Form. The citation shall (1) be styled "The State of Texas," (2) be signed by the clerk under seal of court, (3) contain name and location of the court, (4) show date of filing of the petition, (5) show date of issuance of citation, (6) show file number, (7) show names of parties, (8) be directed to the defendant, (9) show the name and address of attorney for plaintiff, otherwise the address of plaintiff, (10) contain the time within which these rules require the defendant to file a written answer with the clerk who issued citation, (11) contain address of the clerk, (12) notify the defendant that in case of failure of defendant to file an answer, judgment by default may be rendered for the relief demanded in the petition, and (13) notify the defendant that the defendant may be required to make initial disclosures. The citation shall direct the defendant to file a written answer to the plaintiff's petition on or before 10:00 a.m. on the Monday next after the expiration of twenty days after the date of service thereof. The requirement of subsections 10, 12, and 13 of this section shall be in the form set forth in section c of this rule.

c. Notice. The citation shall include the following notice to the defendant: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TEX. R. CIV. P. 99(a)-(c). Additionally, Rule 239 provides that

[u]pon such call of the docket, or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk for the length of time required by Rule 107.

TEX. R. CIV. P. 239.

Although these rules authorize no-answer default judgments under some circumstances, nothing in these rules relieves a trial court of its mandatory duty under Article 55.02(c) to notify the agencies named in an expunction petition of the expunction hearing. *See **Deck***, 954 S.W.2d at 112; ***In re M.M.M.***, 428 S.W.3d 389, 395 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (we construe statutes so as to harmonize them with other relevant laws if possible). Moreover, even if the rules could relieve a court of this duty, they do not do so in this case. Service of process that does not strictly comply with the rules' requirements is invalid and of no effect. ***Spanton v. Bellah***, 612 S.W.3d 314, 317 (Tex. 2020). A no-answer default judgment cannot stand when the defendant was not served in strict compliance with the applicable requirements. ***Id.*** at 316. Here, the record shows that the notice to DPS does not contain the language required by Rule 99(c) or any notification of a possible default judgment as required by Rule 99(b)(12). Because DPS was not served in strict compliance with Rule 99, the trial court's no-answer default judgment cannot stand. *See **id.*** at 316-17.

For the reasons above, we sustain DPS's first issue.

**EVIDENTIARY SUFFICIENCY**

In DPS's second issue, it argues that we should reverse the trial court's judgment and render judgment denying the expunction because C.G.B. failed to present legally sufficient evidence to support his petition, and the trial court misinterpreted the expunction statute to allow the arrest records' destruction when the arrest resulted in a final conviction.

<u>**Standard of Review and Applicable Law**</u>

We review a trial court's order granting or denying expunction for an abuse of discretion. *See **Heine v. Tex. Dep't of Pub. Safety***, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. ***E.I. du Pont de Nemours & Co. v. Robinson***, 923 S.W.2d 549, 558 (Tex. 1995). However, if an expunction ruling turns on a question of law, we review it de novo because a trial court has no discretion in determining what the law is or applying the law to the facts. *See **Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). Thus, a trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

Although the law that governs expunctions is part of the code of criminal procedure, an expunction proceeding is civil in nature. ***T.S.N.***, 547 S.W. 3d at 619. Expunction is not a constitutional or common law right, but purely a statutory privilege. ***Tex. Dep't of Pub. Safety v. Nail***, 305 S.W.3d 673, 675 (Tex. App.—Austin 2010, no pet.). The trial court must strictly comply with the statutory requirements and has no equitable power to extend the clear meaning of the statute. ***Harris Cty. Dist. Attorney v. Lacafta***, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.). To be entitled to an expunction, C.G.B. had the burden of proving that all of the statutory requirements were satisfied. ***Ex parte Green***, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.).

When reviewing a challenge to the legal sufficiency of the evidence, we review the evidence in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. ***City of Keller v. Wilson***, 168 S.W.3d 802, 807 (Tex. 2005). We will sustain a legal sufficiency complaint if the record reveals (1) the complete absence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence

4

offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *See id.* at 810.

Article 55.01 of the code of criminal procedure provides as follows:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c);

(B) convicted and subsequently:

(i) pardoned for a reason other than that described by Subparagraph (ii); or

(ii) pardoned or other wise granted relief on the bases of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence; or

(C) convicted of an offense committed before September 1, 2021, under Section 46.02(a), Penal Code, as that section existed before that date; or

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

(A) regardless of whether any statute of limitations exists for the offense and whether any limitations periods for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:

(i) has not been presented against the person at any time following the arrest, and:

(a) at least 180 days have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class C misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(b) at least one year has elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a Class B or A misdemeanor and if there was no felony charge arising out of the same transaction for which the person was arrested;

(c) at least three years have elapsed from the date of arrest if the arrest for which the expunction was sought was for an offense punishable as a felony or if there was a felony charge arising out of the same transaction for which the person was arrested; or

(d) the attorney representing the state certifies that the applicable arrest records and files are not needed for use in any criminal investigation or prosecution, including an investigation or prosecution of another person; or

(ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:

(a) the person completed a veterans treatment court program created under Chapter 124, Government Code, or former law, subject to Subsection (a-3);

(b) the person completed a mental health court program created under Chapter 125, Government Code, or former law, subject to Subsection (a-4);

(c) the person completed a pretrial intervention program authorized under Section 76.011, Government Code, other than a veterans treatment court program created under Chapter 124, Government Code, or former law, or a mental health court program created under Chapter 125, Government Code, or former law;

(d) the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe that person committed the offense; or

(e) the indictment or information was void; or

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. 55.01(a) (West Supp. 2020).

**Analysis**

In his petition, C.G.B. requested expunction of all records related to his arrest, citing Article 55.01 generally and naming the following reasons:

4. On or about May 10, 2001, Nacogdoches Police Department arrested Petitioner for the Class B misdemeanor offense of MAKE ALCOHOL AVAILABLE TO MINOR.

5. The arrest detailed above gave rise to Cause Number 858-01 in the County Court at Law of Nacogdoches County, Texas.

6. Petitioner's case was REDUCED to a CLASS C Disorderly Conduct on November 12, 2001.

7. Petitioner was assessed a $100 fine. The judge did not order an Article 42.12, Tex. Code Crim. Proc., court ordered supervision. No conditional discharge was ordered under Article 4.12 of the Texas Controlled Substances Act. Petitioner has never been convicted of a felony in the five years preceding the date of arrest.

The agreed order of expunction, signed on June 4, states in pertinent part as follows:

Having considered the pleadings and other documents on file herein, the Court finds that it has jurisdiction over the instant cause and the parties thereto; and that the respondents have been duly served with the petition; and that all procedural and substantive requirements for expunction of the below specified criminal records have been met.

Petitioner's full legal name is [C.G.B.]. Petitioner is a WHITE MALE, whose date of birth is [date of birth]. His Texas driver's license number is [XXXXXXXX] and his social security number is [XXX-XX-XXXX]. Petitioner's address at the time of arrest was [address].

Petitioner was arrested on or about MAY 10, 2001 for the Misdemeanor Offense of MAKE ALCOHOL AVAILABLE TO A MINOR, in Cause No. 858-01 in County Court at Law of Nacogdoches County, Texas. Petitioner's case was reduced to a Class C Disorderly Conduct on November 12, 2001.

THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED that:

(1) the petition for expunction filed in the above-captioned cause is GRANTED[.]

In DPS's motion for new trial, it argued that (1) the expunction order must be set aside because it was not notified of the June 4 hearing, and (2) C.G.B. was not entitled to expunction of any charges stemming from the arrest because he was convicted of an offense based on the arrest.[1] DPS made the same arguments at the hearing on the motion. Regarding DPS's first argument, C.G.B. argued that the trial court acted within its discretion by signing the agreed expunction order because the district attorney was in agreement and no party filed an objection by the Monday following the twentieth day after it was notified of the hearing date. Regarding DPS's second argument, C.G.B. did not argue that he was statutorily entitled to expunction, but that the court should not consider the issue because DPS did not file a timely answer. In its final argument, DPS reasserted both of its arguments. The court responded as follows:

> All right. Well, here's—here's what I find. I find that DPS was wholly in default for failing to timely file an answer; and, therefore, I'm going to deny the Motion for New Trial. All right?

The hearing was then adjourned.

On appeal, C.G.B. again does not argue that he was statutorily entitled to expunction, but he now argues that DPS waived the issue by not objecting to the trial court's failure to address it at the hearing on the motion for new trial. We disagree. In a civil nonjury case, a complaint regarding the sufficiency of the evidence may be made for the first time on appeal in the complaining party's brief. TEX. R. APP. P. 33.1(d); *Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.) (appeals court reviewed sufficiency of evidence supporting expunction order over appellee's argument that the error was not preserved). Therefore, we consider whether C.G.B. met his burden of establishing his entitlement to expunction. *See id.*; *see also* **Green**, 373 S.W.3d at 113. We conclude he did not.

---

[1] *But see* **Ex parte R.P.G.P.**, 623 S.W.3d 313, 325 (Tex. 2021) (Article 55.01(a)(2) is offense-based regarding misdemeanors, not arrest-based).

The record does not contain legally sufficient evidence to support the expunction order. The petition does not specify a statutory basis within Article 55.01 to justify the expunction order. The record contains no evidence supporting the expunction and no indication that any evidence was taken prior to the trial court's signing the agreed order of expunction. The agreed order does not specify a statutory basis for expunction but merely states that "all procedural and substantive requirements for expunction of the below specified criminal records have been met." The record of the hearing on the motion for new trial does not indicate a statutory basis for the expunction. Rather, the trial court stated during the hearing, "If two sides agree after the deadline has passed for one other party to file an answer—if two sides in that lawsuit say, sure, we agree, than I can sign an agreed judgment. That's exactly what I did in this situation." The record does not specify the facts on which the parties agreed, and the facts named in the agreed order do not alone support the expunction. Under these circumstances, we cannot conclude that C.G.B. met his burden of establishing his entitlement to expunction. *See **Green***, 373 S.W.3d at 113. Therefore, we sustain DPS's second issue.

However, we do not grant DPS's requested relief of rendering judgment denying C.G.B.'s expunction petition. C.G.B.'s failure to present evidence supporting an expunction order may be explained by his reliance on the theory that he was entitled to the order because the district attorney agreed to it and DPS failed to file a timely answer. *See **Ex parte Andrews***, 955 S.W.2d 178, 180 (Tex. App.—Waco 1997, no pet.) (Andrews's failure to present evidence justifying expunction order was explained by his reliance on theory he was entitled to order because state agreed to it). Therefore, in the interests of justice, we remand the cause so that the record can be fully developed regarding C.G.B.'s rights under Article 55.01. *See **id.***; TEX. R. APP. P. 43.3(b).

## DISPOSITION

Having sustained DPS's first and second issues, we ***reverse*** the trial court's judgment granting C.G.B.'s petition for expunction and ***remand*** the case for further proceedings consistent with this opinion.

JAMES T. WORTHEN
Chief Justice

Opinion delivered September 15, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 15, 2021**

**NO. 12-20-00169-CV**

**EX PARTE: C.G.B.**

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C2035672)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, because it is the opinion of this Court that there was error in judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this Court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings** in accordance with the opinion of this Court; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*