

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00231-CV

———————————————————

EX PARTE E.A.

---

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 22-6468-16

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

### I. Introduction

Appellant E.A. appeals from the trial court's expunction order. In her sole issue, Appellant argues that the trial court erred by denying her petition for expunction under Article 55.01(a)(2)(B) of the Texas Code of Criminal Procedure. We will reverse.

### II. Background

In February 2013, over a decade ago, Appellant was arrested for the felony offense of diversion of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.1285. The affidavit for the arrest warrant states that the offense occurred on or about October 25, 2012. The record also contains an arrest-warrant affidavit for the felony offense of money laundering over $100,000 and under $200,000 that also occurred on or about October 25, 2012. *See* Tex. Penal Code Ann. § 34.02(e). But Appellant was not initially arrested based on that affidavit; rather, she was indicted sometime later for the money-laundering offense and was arrested after the indictment.

Pursuant to plea negotiations, Appellant was placed on deferred adjudication for the diversion offense, and the State dismissed the money-laundering offense. After completing deferred adjudication, Appellant filed a petition to expunge the arrest records of the money-laundering offense under Article 55.01(a)(2)(B) of the Texas

Code of Criminal Procedure. After a hearing, the trial court signed an order denying Appellant's petition for expunction. This appeal followed.

### III. Discussion

Appellant argues in her sole issue that the trial court erred by denying her expunction petition because she satisfied the requirements of Article 55.01(a)(2)(B).

### A. Standard of Review

An expunction proceeding is a civil matter even though the expunction statute appears in the Texas Code of Criminal Procedure. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 55.01. A trial court's expunction order is reviewed for abuse of discretion, but a statute's meaning is a question of law reviewed de novo. *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021).

### B. Applicable Law

Article 55.01(a)(2)(B) provides:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

. . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:

. . .

> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. Ann. art 55.01(a)(2)(B).

## C. Analysis

The State's position is that Appellant is not entitled to expunction because her money-laundering arrest "arose out of the same arrest and criminal episode as her charge for diversion of a controlled substance."

In *R.P.G.P.*, a case on which Appellant relies, the Texas Supreme Court considered "whether an arrest involving multiple offenses is divisible for purposes of expunging records under Article 55.01." 623 S.W.3d at 314. R.P.G.P. was charged with misdemeanor driving while intoxicated and misdemeanor possession. *Id.* at 315. R.P.G.P. pleaded no contest to the possession charge and completed deferred adjudication. *Id.* The DWI charge was dismissed after R.P.G.P. completed pretrial intervention, after which R.P.G.P. filed a petition to expunge the DWI arrest records under Article 55.01(a)(2)(A)(ii)(c).[1] *Id.* The trial court denied the petition, and the court of appeals affirmed. *Id.*

---

[1] Article 55.01(a)(2)(A) provides for expunction under a variety of circumstances that—unlike subsection (a)(2)(B)—do not turn on whether limitations have expired. Subarticle (a)(2)(A)(ii)(c), which was the basis of R.P.G.P.'s petition, provides for expunction if an indictment or information is later dismissed because the arrestee completed an authorized pretrial-intervention program. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A).

Reversing and holding that R.P.G.P. was entitled to expunction, the Court noted that "[m]ost appellate courts have favored an 'arrest-based' construction . . . that treats the offenses collectively over an 'offense-based' approach that considers the offenses individually for expunction purposes." *Id.* at 314. The Court concluded, though, that Article 55.01(a)(2) is an offense-based expunction provision under which "misdemeanor offenses are eligible for expunction on an individual basis," thereby rejecting the "all-or-nothing [arrest-based] approach." *Id.* at 315, 318. The Court explained that subarticle (a)(2) links an arrest to a single offense and that "[t]he use of 'the' in referring to 'the charge' and 'the offense' indicates the Legislature . . . intended to tie an arrest to a single offense under Article 55.01(a)(2)." *Id.* at 322. Although the Court held that "subarticles (a)(2) and (a)(2)(A)" are "offense-based provisions with regard to misdemeanors but arrest-based with respect to felonies," *id.* at 325, it did not specifically address—or even mention—Article 55.01(a)(2)(B). The State argues that *R.P.G.P.* is distinguishable because that case involved a misdemeanor offense and was decided under Article 55.01(a)(2)(A), not (B).

But after *R.P.G.P.* was decided, our sister court in Houston used *R.P.G.P.*'s reasoning in allowing a felony expunction under Article 55.01(a)(2)(B), thus rejecting the substance of the State's argument here. *Ex parte R.J.F.*, 640 S.W.3d 365, 369–70 (Tex. App.—Houston [14th Dist.] 2022, no pet.). In that case, the appellant was arrested in 2007 for possession of a controlled substance (a state-jail felony) and possession with intent to deliver drug paraphernalia (a misdemeanor). *Id.* at 366. The

5

appellant pleaded no contest to the misdemeanor charge, and the State dismissed the felony charge because "[t]he Defendant was convicted in another case." *Id.* After limitations had run, the appellant petitioned to have the felony charge expunged under Article 55.01(a)(2)(B)—a provision that the court pointed out is a "separate option for seeking expunction, completely distinct from (a)(2)(A)" and to which (a)(2)(A)'s strictures do not apply. *Id.* at 369 (cleaned up). Based on *R.P.G.P.* and statutory analysis, the court held that Article 55.01(a)(2)(B) is also offense-based, not arrest-based. *Id.* at 370.

"Because the language under (a)(2) is offense-based, *see R.P.G.P.*, 623 S.W.3d at 322–23, an applicant qualifies for expunction of an offense under (a)(2)(B) 'provided that' 'prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.'" *Id.* at 369; Tex. Code Crim Proc. Ann. art. 55.01(a)(2)(B). The court concluded that "[l]ike the language under (a)(2), the language under (a)(2)(B) ties an 'arrest' to a single offense." *R.J.F.*, 640 S.W.3d at 369–70. The court also reasoned that subarticle (a)(2)(B) lacks any of (a)(2)(A)'s language limiting expunction of felonies, nor does it track (a)(1)'s language limiting expunction of charges arising out of the same criminal episode as a final conviction. *Id.* at 370. The court thus held that the appellant was entitled to expunction of the felony arrest records under (a)(2)(B). *Id.*

The State argues that the *R.J.F.* court got it wrong. But we agree with our sister court's reasoning. In *R.P.G.P.*, the Court explicitly held that subarticle (a)(2) is an

6

offense-based expunction provision. 623 S.W.3d at 316. Although the *R.P.G.P.* court held that Article 55.01(a)(2)(A) is offense-based for misdemeanors but arrest-based for felonies, Article 55.01(a)(2)(B) does not distinguish between misdemeanors and felonies. *Compare* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A) *with* art. 55.01(a)(2)(B). We hold that Article 55.01(a)(2)(B) is an offense-based expunction provision. *R.J.F.*, 640 S.W.3d at 370.

Under Article 55.01(a)(2)(B), Appellant is entitled to expunction of her money-laundering arrest records if the charge has not resulted in a final conviction, is no longer pending, and there was no court-ordered community supervision for the offense—provided that prosecution for the offense is no longer possible because limitations has expired. Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(B); *see also id.* art. 12.01(3)(E) (providing seven-year limitation period for money laundering). The record shows that all these conditions have been met. We sustain Appellant's sole issue.

## IV. Conclusion

Because we sustain Appellant's sole issue, we reverse the trial court's order denying Appellant's petition for expunction of records related to her arrest for money laundering and remand to the trial court to grant the petition.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  February 8, 2024

7